## Case No. 4,309.

The E. H. COFFIN.

[9 Ben. 20.] [1]

District Court, S. D. New York. Jan., 1877. [2]

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 4,310.]

Christian's not in time taking proper measures to keep out of the way of the Coffin. I see no fault on the part of the Coffin. The libel must be dismissed, with costs.

## Case No. 4,310.

### The E. H. COFFIN.

[16 Blatchf. 421;[1] 8 Reporter, 297.]

Circuit Court, S. D. New York.  June 23, 1879.[2]

Beebe, Wilcox & Hobbs, for libellants.

R. D. Benedict and A. Stewart, for claimants.

BLATCHFORD, District Judge.  I think that the weight of the evidence is that the courses of the two tugs were crossing. Therefore, it was the duty of the Christian to keep out of the way of the Coffin, and the duty of the Coffin to keep her course. Although the Coffin got no response to her first signal of one whistle, yet she had a right then to keep on, for she had a right to suppose that she was seen by the Christian, and that the Christian would, in season, take measures to avoid her; and her signal of one whistle was an indication that she was intending to do what the law required her to do, that is, keep her course and not change it. When the Coffin saw that the Christian was not taking proper measures to avoid her, the Coffin blew another single whistle, and gave four bells and backed hard.  After blowing the second single whistle the pilot of the Coffin heard a signal of two whistles from the Christian. The pilot of the Christian says that he blew those two whistles as soon as he saw the Coffin; that, after that, he heard one whistle from the Coffin; and that then he gave four bells for the Christian to stop and back.  It is quite clear that the pilot of the Christian did not see the Coffin as soon as he should have seen her, or as soon as the Coffin saw the Christian, and that accounts for the

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[2] [Affirming Case No. 4,309.]